UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD CALVAGNO,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

2:08-CV-535 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Richard A. Calvagno's objection (doc. #19) to Magistrate Judge Johnston's report and recommendation (doc. #18), recommending that plaintiff's motion for reversal (doc. #12) be denied.

Under Local Rule IB 1-4 and 28 U.S.C. 636(b)(1), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. 636(b)(1).

A federal court's review of an administrative law judge's ("ALJ") decision is limited to determining (1) whether the ALJ's decision, as a whole, is supported by substantial evidence, and (2) whether the ALJ applied proper legal standards. 42 U.S.C. § 405(g). Here, the court agrees with Magistrate Judge Johnston that the ALJ's decision was supported by substantial evidence, as required by the first prong. *See Tackett v. Apfel*, 180 F.2d 1094, 1098 (9th Cir. 1999) (defining the

**James C. Mahan**
**U.S. District Judge**

1  phrase "supported by substantial evidence" as more than a mere scintilla). However, the plaintiff has
2  filed his objection under the second prong, claiming that the ALJ applied an inappropriate legal
3  standard when it failed to follow the framework of Social Security Ruling ("SSR") 83-20 in
4  evaluating his claim.

Calvagno argues that because the ALJ found only that he was not disabled during the time from March 1, 1999, through September 30, 2000, the ALJ failed to reach the necessary conclusion that Calvagno was not disabled at any time. Contending that he became disabled outside of the time period considered by the ALJ, Calvagno states that "SSR 83-20 provides the analytical framework to be followed when a claimant becomes disabled prior to the date of the first recorded medical examination. . . ." (Doc. #19, p.1).

The court disagrees with Calvagno's interpretation of SSR 83-20. The ruling states that "*[i]n addition to determining that an individual is disabled*, the decisionmaker must also establish the onset date of the disability." SSR 83-20, 1983 WL 31249 (1983) (emphasis added). The court reads this ruling as mandating that, where a court has found that a plaintiff was in fact disabled during the relevant time period, the court must also determine the date the plaintiff became disabled. However, where the ALJ finds that the defendant was not disabled during the relevant time period, there is no need to scour the record to determine when, if ever, the defendant may have initially become disabled. Accordingly, the ALJ was not required to conduct an analysis of the onset date of any alleged disability under SSR 83-20.

UPON CONSIDERATION of the magistrate judge's report and recommendation (doc. #18), and the papers and pleadings on this matter,

IT IS ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reversal (doc. #12) be DENIED and the report and recommendation (doc. #18) is adopted in its entirety.

DATED December 21, 2010.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -